# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

HEATHER WERT,                                    Case No. 1:17-cv-0477
      Plaintiff,                              Barrett, J.
                                         Litkovitz, M.J.

      vs.

COMMISSIONER OF                                  **REPORT AND**
SOCIAL SECURITY,                                 **RECOMMENDATION**
      Defendant.

This matter is before the Court on plaintiff's motion for attorney fees under the Social Security Act, 42 U.S.C. § 406(b)(1) (Doc. 40), the Commissioner's memorandum in response (Doc. 41), and plaintiff's reply in support of the motion (Doc. 44).  In support of the fee request, plaintiff has submitted an itemized billing sheet showing that her attorney, Henry D. Acciani, Esq., performed a total of 14.25 hours of work on the case in this Court; a copy of the contingency fee agreement she entered into with counsel under which she agreed to pay him a contingency fee of 25% of past-due benefits; and a Notice of Award from the Social Security Administration.  (Doc. 40 at 6-21).

Pursuant to 42 U.S.C. § 406(b)(1)(A), a court may award a prevailing claimant's attorney a reasonable fee not to exceed 25 percent of past-due benefits recovered by the claimant for work done in a judicial proceeding.  *See Horenstein v. Sec'y of H.H.S.*, 35 F.3d 261, 262 (6th Cir. 1994) (en banc) (court may award fees only for work performed before the court, and not before the Social Security Administration).  Fees are awarded from past-due benefits withheld from the claimant by the Commissioner and may not exceed 25 percent of the total past-due benefits. *Gisbrecht v. Barnhart*, 535 U.S. 789, 792 (2002).

In determining the reasonableness of fees under § 406(b), the starting point is the contingency fee agreement between the claimant and counsel. *Gisbrecht*, 535 U.S. at 807. When a claimant has entered into a contingency fee agreement entitling counsel to 25 percent of past-due benefits awarded, the Court presumes, subject to rebuttal, that the contract is reasonable. *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989) (en banc). Within the 25 percent boundary, the attorney for the claimant must show that the fee sought is reasonable for the services rendered. *Gisbrecht*, 535 U.S. at 807. The Court should consider factors such as the character of the representation, the results achieved, the amount of time spent on the case, whether the attorney was responsible for any delay, and the attorney's normal hourly billing rate for noncontingent fee cases. *Id.* at 808. *See also Rodriquez*, 865 F.2d at 746. Additionally, the Court should consider instances of improper conduct or ineffectiveness of counsel; whether counsel would enjoy a windfall because of either an inordinately large award or from minimal effort expended; and the degree of difficulty of the case. *Hayes v. Sec'y of HHS*, 923 F.2d 418, 422 (6th Cir. 1990); *Rodriquez*, 865 F.2d at 746. An award of 25 percent of past-due benefits may be appropriate where counsel has overcome legal and factual obstacles to enhance the benefits awarded to the client; in contrast, such an award may not be warranted in a case submitted on boilerplate pleadings with no apparent legal research. *Rodriquez*, 865 F.2d at 747.

An award of fees under § 406(b) is not improper merely because it results in an above-average hourly rate. *Royzer v. Sec'y of HHS*, 900 F.2d 981, 981-82 (6th Cir. 1990). As the Sixth Circuit has determined:

> It is not at all unusual for contingent fees to translate into large hourly rates if the rate is computed as the trial judge has computed it here [by dividing the hours worked into the amount of the requested fee]. In assessing the reasonableness of a contingent fee award, we cannot ignore the fact that the attorney will not prevail every time. The hourly rate in the next contingent fee case will be zero, unless

benefits are awarded. Contingent fees generally overcompensate in some cases and undercompensate in others. It is the nature of the beast.

*Id.* "[A] hypothetical hourly rate that is less than twice the standard rate is *per se* reasonable, and a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable." *Hayes*, 923 F.2d at 422. *See also Lasley v. Comm'r of Soc. Sec.*, 771 F.3d 308, 309 (6th Cir. 2014).

Here, the fee of $10,536.57 that plaintiff requests for the work counsel performed in this Court falls within the 25% boundary.[1] Thus, the issue is whether the requested fee is reasonable. *Gisbrecht*, 535 U.S. at 807. In determining whether counsel "would enjoy a windfall because of either an inordinately large benefit or from minimal effort expended," *Hayes*, 923 F.2d at 421-22 (quoting *Rodriquez*, 865 F.2d at 746), the Court notes that "a windfall can never occur when, in a case where a contingent fee contract exists, the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market." *Id.* at 422. As the Sixth Circuit explained in *Hayes*:

> [A] multiplier of 2 is appropriate as a floor in light of indications that social security attorneys are successful in approximately 50% of the cases they file in the courts.

[1] Plaintiff indicates in her motion that counsel requests "additional fees" under § 406(b) in the amount of $8,114.07, which divided by 14.25 hours equals a hypothetical hourly rate of $726.66. (Doc. 40 at 4). Counsel calculated that amount by deducting the Equal Access to Justice Act (EAJA) fee award of $2,422.50, which must be refunded to plaintiff, from the 25% contingency fee. (*Id.*; Doc. 44 at 1). As the Commissioner correctly asserts, though, it is not proper to include any amount to be refunded to the claimant under the EAJA when analyzing the propriety of the requested § 406(b) fee. (Doc. 41 at 2, n. 1, citing *Ringel v. Commissioner of Social Security*, 295 F. Supp. 3d 816, 839-40 (S.D. Ohio 2018)) (explaining that in calculating the § 406(b) award, the analysis should not consider the amount of any fee refunded to the claimant under the EAJA). *See also Shaw v. Commr. of Soc. Sec.*, No. 1:16-cv-1133, 2019 WL 5550575, at *2 (S.D. Ohio Oct. 28, 2019) (Litkovitz, M.J.), *report and recommendation adopted*, 2019 WL 6170822 (S.D. Ohio Nov. 20, 2019) (Barrett, J.) ("[T]he proper approach is to perform the *Hayes* calculation using the contingency fee amount sought . . . without reducing that amount by the prior EAJA fee award."). Plaintiff acknowledges in her reply that counsel seeks a total fee award of $10,536.57 for work performed before this Court. (Doc. 44 at 1). The Court must analyze the propriety of awarding that amount without considering the EAJA fee award.

Without a multiplier, a strict hourly rate limitation would insure that social security attorneys would not, averaged over many cases, be compensated adequately.
. . . .

A calculation of a hypothetical hourly rate that is twice the standard rate is a starting point for conducting the *Rodriquez* analysis.  It provides a floor, below which a district court has no basis for questioning, under the second part of *Rodriquez*'s windfall rule for "minimal effort expended," the reasonableness of the fee.

*Id*.

Dividing the $10,536.57 requested by counsel by the 14.25 hours counsel worked on the case before this Court yields a hypothetical hourly fee of $739.40.[2]  The Commissioner contends that a § 406(b) award of over $700 per hour significantly exceeds the rates of $350 to $400 per hour that this Court has allowed in several cases, and an award at the requested hourly rate would create a windfall.  (Doc. 41 at 3, citing *Buttrey v. Comm'r of Soc. Sec.,* No. 1:11-cv-357, 2014 WL 1670034, at *3 (S.D. Ohio April 23, 2014) (reducing hypothetical hourly rate of $842.00 for 18.5 hours of work to $400.00); *Stonitsch v. Astrue,* No. 1:09-cv-00593, 2012 WL 5378744, at *1 (S.D. Ohio Oct. 30, 2012) (reducing hourly rate for 16.75 hours of work from $600.17 to $360.00)*; Jones v. Astrue,* No. 3:09-cv-80, 2012 WL 3251865, at *1 (S.D. Ohio Aug. 8, 2012), *report and recommendation adopted,* 2012 WL 3763909 (S.D. Ohio Aug. 29, 2012) (reducing effective hourly rate for 21.75 hours of work from $750.00 to $360.00)).  The Commissioner further contends that in its decision in *Lasley* and other cases, this Court has adopted the applicable hourly rate under EAJA as the standard hourly rate for a § 406(b) fee request.  (*Id*. at 3; *see Lasley v. Commr. of Soc. Sec.,* No. 1:10-cv-394, 2013 WL 3900096, at *1 (S.D. Ohio July 29, 2013) (Bowman, M.J.)*, report and recommendation adopted,* 2013 WL 6147841 (S.D. Ohio

---

[2] Plaintiff's counsel calculated a hypothetical hourly rate of $726.66 in the motion, which is based on a contingency fee of $8,114.07.  For the reasons explained earlier, the hypothetical hourly rate must be based on a contingency fee of $10,536.57, without any reduction for the EAJA fee award.  Use of the full contingency fee in the analysis yields a hypothetical hourly rate of $739.40.

Nov. 22, 2013) (Dlott, J.)*, aff'd,* 771 F.3d 308.  Based on these prior decisions, the

Commissioner submits that counsel's fee request in this case "should be reduced to some

extent."  (*Id*. at 4).

      The Commissioner does not assert what a reasonable hourly rate should be for counsel in

this case.  The Commissioner indicates that an award at an hourly rate between $540.00 to

$600.00 would be appropriate, noting that several judges in this district have found fees in that

range did not constitute a windfall to counsel.  (*Id*. at 3-4, citing e.g. *Pencil v. Astrue*, No. 3:10-

394, 2012 WL 4364273, *2 (S.D. Ohio Sept. 24, 2012) (Black, J.) ($546.32 hypothetical hourly

rate); *Kitchen v. Comm'r*, No. 3:09-cv-00193, 2013 WL 765641, *2 (S.D. Ohio March 19, 2013)

(Rice, J.) ($548.60 hypothetical hourly rate); *Madura v. Commr., Soc. Sec. Admin.*, No. 3:11-cv-

118, 2013 WL 1386330, *2 (S.D. Ohio Apr. 4, 2013) (Black, J.) (noting that the Court had

"repeatedly recognized that the amount of $540.00 per hour for representation by experienced

counsel on a contingent fee case is within the reasonable range" and approving hypothetical

hourly rate of $473.84); *Ringel*, 295 F. Supp. 3d at 838-39, 842 (concluding that an hourly rate of

$1,371.00 would result in a windfall to counsel and approving an effective hourly rate of

$600.00).

      Plaintiff contends that the requested contingency fee is in line with fees awarded in other

§ 406(b) cases.[3]  (Doc. 40 at 4).  Plaintiff contends that this Court has previously awarded fees

under § 406(b) which resulted in hourly rates that exceeded the range suggested by the

Commissioner.  (Doc. 44 at 2, citing *Pickett v. Astrue*, No. 3:10-cv-177, 2012 WL 1806136, at

*2 (S.D. Ohio May 17, 2012) (effective hourly rate of $709.00); *Nessle v. Comm'r of Soc. Sec.*,

---

[3] Plaintiff cites two older cases from other districts, which are not helpful, to support the fee request.  (Doc. 40 at 4, citing *Claypool v. Comm'r*, 294 F. Supp. 2d 829 (S.D. W. Va. 2003); *Dodson v. Comm'r*, No. 4:00cv00022, 2002 WL 31927589 (W.D. Va Oct. 22, 2002)).

No. 1:14-cv-442, 2015 WL 2194777, *1 (S.D. Ohio May 11, 2015) (effective hourly rate of $666.00); *Leah Otten v. Comm'r of Soc. Sec.,* No. 1:14-cv-173, Doc. 26 (8/11/15 Order) (Black, J.) (plaintiff's current counsel, Mr. Acciani, was awarded a total of $14,544.31 in attorney fees for 15 hours of work, resulting in an hourly rate of $969.62)). Plaintiff contends these awards reflect her attorney's level of experience in the area of disability law and his ability to accomplish more in fewer hours than an attorney with less experience in this area could accomplish.[4] (*Id*. at 3).

The undersigned finds that a fee award under § 406(b) in the amount of $10,536.57 would not constitute a windfall to counsel. The undersigned has previously addressed and rejected the Commissioner's suggestion that pursuant to *Lasley*, 771 F.3d 308, the applicable hourly rate under EAJA is the appropriate standard hourly rate for a § 406(b) fee request. *See Banks v. Commr. of Soc. Sec.,* No. 1:18-cv-151, 2020 WL 5993640, at *3 (S.D. Ohio Oct. 9, 2020) (Litkovitz, M.J.); *Shaw v. Commr. of Soc. Sec.*, No. 1:16-cv-1133, 2019 WL 5550575 (S.D. Ohio Oct. 28, 2019) (Litkovitz, M.J.), *report and recommendation adopted,* 2019 WL 6170822 (S.D. Ohio Nov. 20, 2019) (Barrett, J.).

Further, hypothetical hourly rates close to or exceeding $700.00 have consistently been approved in comparable cases in this district. *See Metz v. Commr., Soc. Sec. Admin.,* No. 3:11-cv-391, 2014 WL 1908512, *1-2 (S.D. Ohio May 12, 2014) ($780.25 hourly rate for 20.25 hours of work approved where "counsel's work resulted in a significant award of past-due benefits, plaintiff voluntarily entered into the contingency fee agreement, and there was no suggestion of

---

[4] Judge Black in *Otten,* No. 1:14-cv-173, summarized Mr. Acciani's credentials and experience as follows: "Plaintiff's counsel, Henry D. Acciani, Esq., has been a member of the bar of the State of Ohio for over 35 years and 'has represented numerous claim[ant]s before the Court, both in oral argument and briefing before the Court, as well as before the United States Court of Appeals for the Sixth Circuit.' Mr. Acciani has extensive experience in representing Social Security claimants." Doc. 26 at 4, n. 5 (emphasis in the original).

impropriety regarding the agreement"); *Havens v. Comm'r of Soc. Sec.,* No. 2:12-cv-0637, 2014 WL 5308595, *2 (S.D. Ohio Oct. 16, 2014) (Kemp, M.J.), *report and recommendation adopted,* 2014 WL 6606342 (S.D. Ohio Nov. 20, 2014) (Smith, J.) (contingency fee of $18,562.50 and effective hourly rate of $750.00 approved where counsel handled the matter with expertise and efficiency, administrative delay was not a factor, and counsel voluntarily limited the requested amount to 25% of back benefits accrued at the time of the ALJ's decision); *Meyer v. Comm'r,* No. 1:l5-cv-207, Doc. 26, 10/31/2016 Order (Barrett, J.) (fee award of $16,412.25 made at effective hourly rate of $702.87); *Miles v. Comm'r of Soc. Sec.*, No. 1:16-cv-440, 2019 WL 5485220, *3 (S.D. Ohio Oct. 25, 2019) (Litkovitz, M.J.)*, report and recommendation adopted*, 2019 WL 6131268 (S.D. Ohio Nov. 19, 2019) (Dlott, J.) ($9,285.87 award with effective rate of $714.29 per hour for 13 hours of work approved where plaintiff's counsel did not delay and achieved an excellent result, and the Commissioner did not oppose the plaintiff's fee request); *Norris v. Comm'r of Soc. Sec.*, No. 1:17-cv-587, 2019 WL 5456807, *3-4 (S.D. Ohio Oct. 24, 2019) (Litkovitz, M.J.) ($15,225.00 contingency fee and effective hourly rate of $700.00 for 21.75 hours of work approved where asserted standard hourly rate of $350.00 was within range of Ohio State Bar Association survey results, and plaintiff's counsel did not unduly delay the case and achieved an excellent result which included a remand for an immediate award of benefits). *See also Banks,* 2020 WL 5993640, at *3 (contingency fee of $41,709.25 awarded and hourly rate of $747.48 for 55.8 hours of work approved where counsel achieved an excellent result by obtaining a reversal for an immediate award of benefits, the delay in plaintiff's award was not attributable to counsel, plaintiff voluntarily entered into the contingency fee agreement with counsel and counsel assumed the risk of nonpayment, and the matter was not straightforward).  These decisions support a finding that the requested contingency fee in this

case is reasonable and would not constitute a windfall to plaintiff's counsel. *Hayes*, 923 F.2d at 422.

The remaining criteria set forth in *Gisbrecht* and *Rodriquez* likewise support the reasonableness of the requested contingency fee. *See Rodriguez,* 865 F.2d at 746; *Gisbrecht*, 535 U.S. at 808. Plaintiff's counsel is an experienced attorney who handles primarily personal injury and Social Security claims and takes all Social Security cases on a contingent fee basis. (Doc. 40 at 3-4). The Court finds there is no suggestion that counsel acted improperly or provided ineffective assistance, and counsel did not unduly delay this matter. Plaintiff's counsel achieved an excellent result in this case by obtaining a favorable disability determination on remand. Plaintiff received past due benefits of $66,146.28 for a period of several years dating back to 2014. (Doc. 40 at 5, 6-18). Further, plaintiff voluntarily entered into the contingency fee agreement with counsel and counsel assumed the risk of non-payment.

Having reviewed plaintiff's § 406(b) fee request in light of these considerations, the Court finds that a fee of $10,536.57 is reasonable for the work plaintiff's counsel performed in federal court. Counsel has acknowledged that any award of fees under § 406(b) must be offset by the previous award of EAJA fees in the amount of $2,422.50 (*see* Doc. 31), as required under *Jankovich v. Bowen*, 868 F.2d 867, 871 and n.1 (6th Cir. 1989) (recognizing that while a claimant may be awarded fees under both the EAJA and the Social Security Act, "any funds awarded pursuant to the EAJA serve as a reimbursement to the claimant for fees paid out of his or her disability award to his or her counsel" and should be awarded to the client). (Doc. 40 at 5). Thus, if paid to counsel, the $2,422.50 EAJA fee must be refunded to plaintiff.

It is therefore **RECOMMENDED** that plaintiff's § 406(b) motion for attorney fees be **GRANTED** and counsel be **AWARDED** attorney fees in the amount of **$10,536.57**.


Date:  10/26/2020

Karen L. Litkovitz
United States Magistrate Judge

9

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

HEATHER WERT,                                            Case No. 1:17-cv-0477
      Plaintiff,                                    Barrett, J.
                                                Litkovitz, M.J.

      vs.

COMMISSIONER OF
SOCIAL SECURITY,
      Defendant.

**NOTICE TO THE PARTIES REGARDING THE FILING OF OBJECTIONS TO R&R**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas* v. *Arn,* 474 U.S. 140 (1985); *United States* v. *Walters,* 638 F.2d 947 (6th Cir. 1981).